**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Nicholas Anthony Granado,<br>Petitioner<br>-vs-<br>Charles L. Ryan, et al.,<br>Respondents. | CV-13-1618-PHX-DGC (JFM)<br><br>**Report & Recommendation on Petition<br>for Writ of Habeas Corpus** |

## I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison Complex at Florence, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on August 8, 2013 (Doc. 1).  On April 7, 2014 Respondents filed their Response (Doc. 13).  Petitioner filed a Reply on May 5, 2014 (Doc. 14).

The Petitioner's Petition is now ripe for consideration.  Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

### A. FACTUAL BACKGROUND AND PROCEEDINGS AT TRIAL

On June 9, 2009, Petitioner and a co-defendant were indicted in Maricopa County Superior Court on charges of kidnapping, aggravated assault, and sexual assault, all Class 2 or Class 3 felonies in violation of Arizona Revised Statutes §§ 13-1304 (kidnapping), 13-1204 (aggravated assault), and 13-1406 (sexual assault).  (Exhibit B, Indictment.) (Exhibits to the Answer, Doc. 13, are referenced herein as "Exhibit ___.")

1

The charges arose out of allegations of a gang rape at gunpoint on July 15, 2007, of a young woman who had been offered a ride by three unknown males.  Petitioner's older brother was eventually identified by DNA testing, and he reported Petitioner as one of the other assailants. Petitioner was arrested on May 31, 2009.   (Exhibit A, Probable Cause Statement.)  Petitioner was purportedly born on March 11, 1990, and would have been 17 years old at the time of the offense, but 19 when arrested and indicted.

Petitioner subsequently entered into a written Plea Agreement (Exhibit D) and entered a guilty plea to one count of kidnapping, and three counts of attempted sexual assault. (Exhibit C, M.E. 2/4/10.)  On March 10, 2010, Petitioner was sentenced to 10 years on the kidnapping charge, and was given suspended sentences with lifetime probation on the attempted sexual assault charges, which included a requirement that Petitioner register as a sex offender.  (Exhibit E, Sentence.)

## B. PROCEEDINGS ON DIRECT APPEAL

Petitioner did not file a direct appeal.  (Petition, Doc. 1 at 2; Answer, Doc. 13 at 2.

Moreover, as a pleading defendant, Petitioner had no right to file a direct appeal. *See* Ariz.R.Crim.P. 17.1(e); and *Montgomery v. Sheldon*, 181 Ariz. 256, 258, 889 P.2d 614, 616 (1995).

## C.  PROCEEDINGS ON POST-CONVICTION RELIEF

On April 19, 2010, Petitioner commenced a timely "of-right" PCR petition by filing a Notice of Post-Conviction Relief (Exhibit F).   Counsel was subsequently appointed, but eventually filed a Notice of Completion of Review (Exhibit G), evidencing an inability to find an issue for review.  Petitioner eventually filed a *Pro Per* Petition for Post-Conviction Relief (Exhibit H), arguing that: (1) he was improperly required to register as a sex offender; (2) there was no proper transfer of jurisdiction from the juvenile court; (3) and PCR counsel rendered ineffective assistance. The PCR court found all of the claims to be without merit, and summarily dismissed the Petition.

(Exhibit K, M.E. 4/7/11.)

Petitioner then filed a Petition for Review by the Arizona Court of Appeals (Exhibit N) reasserting his claims of error in the exercise of jurisdiction over the offense outside the juvenile court system, and in imposing a requirement of sex offender registration.  The Petition was summarily denied.  (Exhibit Q, Order 2/27/13.)

Petitioner then sought review by the Arizona Supreme Court (Exhibit R), raising the same claims asserted to the court of appeals, but again arguing the ineffective assistance of PCR counsel, citing *Martinez v. Ryan*, 132 S.Ct. 1309 (2012).  On July 10, 2013, the Arizona Supreme Court summarily denied review.

## D.  PRESENT FEDERAL HABEAS PROCEEDINGS

**Petition** - Petitioner commenced the current case by filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on August 8, 2013 (Doc. 1).  Petitioner's Petition asserts three grounds for relief:

> In Ground One, Petitioner alleges that his due process rights were violated where he was not an adult at the time of the crime, but the state court refused to correct his sentence to remove the requirement that he register as a sex offender upon release. In Ground Two, he alleges that his due process rights were violated where he was tried in adult court rather than juvenile court, although he was a juvenile at the time the offense occurred. In Ground Three, Petitioner alleges that he received the ineffective assistance of counsel in connection with his state post-conviction petition.

(Order 1/7/14, Doc. 6 at 2.)

**Response** - On April 7, 2014, Respondents filed their Response ("Limited Answer") (Doc. 13).  Respondents argue that Petitioner's grounds for relief do not assert claims cognizable on habeas review, and that Plaintiff has failed to properly exhaust his state remedies on his claims, and those remedies are now procedurally defaulted.

**Reply** - On May 5, 2014, Petitioner filed a Reply (Doc. 14).  Petitioner argues that Grounds I and II are meritorious because the state laws were violated, and Ground III is meritorious because PCR counsel was ineffective.  Petitioner asserts as cause to excuse his procedural defaults the ineffective assistance of PCR counsel.

### III. APPLICATION OF LAW TO FACTS

**A.  NON-COGNIZABLE CLAIMS**

Respondents correctly point out that the federal statutes permit habeas relief "only on the ground that [a petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  (*See* Answer, Doc. 13 at 6.) Respondents argue that the claims asserted by Petitioner do not present claims of any such violations.  Respondents confuse the viability of the claim for the source of the claim.

In Grounds I and II, Petitioner asserts violations of his due process rights as a result of the state's failure to follow its own law.  Liberally construed, that asserts a violation of the Constitution of the United States, and is cognizable in a federal habeas proceeding.

Respondents correctly argue that not every violation of state law amounts to a denial of due process. But some violations do amount to such a denial.  An error of state law may be "sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment." *Pully v. Harris*, 465 U.S. 37, 41 (1984).   To sustain such a due process claim founded on state law error, a habeas petitioner must show that the state court "error" was "so arbitrary and fundamentally unfair that it violated federal due process."  *Jammal v. Van de Kamp*, 926 F.2d 918, 920 (9th Cir. 1991) (quoting *Reiger v. Christensen*, 789 F.2d 1425, 1430 (9th Cir.1986)).   To receive review of what otherwise amounts to nothing more than an error of state law, a petitioner must argue "not that it is wrong, but that it is so wrong, so surprising, that the error violates principles of due process"; that a state court's decision was "such a gross abuse of discretion" that it was unconstitutional.  *Brooks v. Zimmerman*, 712 F.Supp. 496, 498 (W.D.Pa.1989).

Petitioner may ultimately fail to establish the necessary underlying facts that the state law errors in his case rose to that level, or even that any errors occurred.  But that does not alter the fundamental nature of the claim he raises, namely that errors occurred

which did amount to a denial of due process under the Federal Constitution.

Conversely, with Ground III, it is a legal deficiency (rather than a factual one) which Respondents confound with the failure to assert a federal claim.  Respondents correctly argue that there is no recognized federal constitutional right to the effective assistance of counsel in PCR proceedings. "There is no constitutional right to an attorney in state post-conviction proceedings." *Coleman v. Thompson*, 501 U.S. 722, 752 (1991). *See also Martinez v. Ryan*, 132 S.Ct. 1309, 1315 (2012) ("*Coleman v. Thompson*…left open…a question of constitutional law: whether a prisoner has a right to effective counsel in collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial").

Petitioner's Ground III, however, effectively asserts that such a right exists under the Constitution (on the basis that in this instance the PCR proceeding amounted to a direct appeal).  Petitioner may be wrong in his legal argument, but again that does not alter the nature of the claim he makes.  If claims that went beyond the confines of prior decisions could never be asserted, the law would be stagnant.[1]  That is not the nature of American jurisprudence, nor is it a mandate of 28 U.S.C. § 2254(a).  The statue only requires that a habeas claim be based upon allegations of a violation of the Constitution or other federal law.  That, Petitioner's Ground III does.

Accordingly, Petitioner's Grounds for Relief all assert a claim cognizable on federal habeas review.


**B.  EXHAUSTION & PROCEDURAL DEFAULT**

Respondents argue that Petitioner's claims are procedurally defaulted, and thus are barred from federal habeas review.

---

[1]  The vitality of constitutional construction is not a concern embodied in the proscriptions of 28 U.S.C. § 2254(b) that habeas relief only be granted where a claim is based on clearly established law.  But neither does that proscription alter the nature of claims which otherwise clearly assert a federal claim within the meaning of § 2254(a). Moreover, the limits in §2254(b) only apply where the state court resolved a claim on its merits.

**1. Exhaustion Requirement**

Generally, a federal court has authority to review a state prisoner's claims only if available state remedies have been exhausted. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (*per curiam*). The exhaustion doctrine, first developed in case law, has been codified at 28 U.S.C. § 2254(b) and (c).  When seeking habeas relief, the burden is on the petitioner to show that he has properly exhausted each claim. *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981)(*per curiam*), *cert. denied*, 455 U.S. 1023 (1982).

Generally, "to exhaust one's state court remedies in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32." *Roettgen v. Copeland*,  33 F.3d 36, 38 (9th Cir. 1994).   Only one of these avenues of relief must be exhausted before bringing a habeas petition in federal court.  This is true even where alternative avenues of reviewing constitutional issues are still available in state court. *Brown v. Easter*, 68 F.3d 1209, 1211 (9th Cir. 1995); *Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987), *cert. denied*, 489 U.S. 1059 (1989).  "In cases not carrying a life sentence or the death penalty, 'claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them.'" *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005)(quoting *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999)).


**2.  Procedural Default**

Ordinarily, unexhausted claims are dismissed without prejudice. *Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991).  However, where a petitioner has failed to properly exhaust his available administrative or judicial remedies, and those remedies are now no longer available because of some procedural bar, the petitioner has "procedurally defaulted" and is generally barred from seeking habeas relief.  Dismissal with prejudice of a procedurally defaulted habeas claim is generally proper absent a "miscarriage of justice" which would excuse the default. *Reed v. Ross*, 468 U.S. 1, 11 (1984).

Respondents argue that Petitioner may no longer present his unexhausted claims

to the state courts.  Respondents rely upon Arizona's preclusion bar, set out in Ariz. R. Crim. Proc. 32.2(a) and time limit bar, set out in Ariz. R. Crim. P.  32.4.  (Answer, Doc. 13 at 13-14.)

**Remedies by Direct Appeal** – As a pleading defendant, Petitioner has no right to file a direct appeal. *See* Ariz.R.Crim.P. 17.1(e); and *Montgomery v. Sheldon*, 181 Ariz. 256, 258, 889 P.2d 614, 616 (1995).

.   **Remedies by Post-Conviction Relief** – Under Arizona's waiver and timeliness bars, Petitioner can no longer seek review by a subsequent PCR Petition.

Waiver Bar - Under the rules applicable to Arizona's post-conviction process, a claim may not ordinarily be brought in a petition for post-conviction relief that "has been waived at trial, on appeal, or in any previous collateral proceeding."   Ariz.R.Crim.P. 32.2(a)(3).   Under this rule, some claims may be deemed waived if the State simply shows "that the defendant did not raise the error at trial, on appeal, or in a previous collateral proceeding." *Stewart v. Smith*, 202 Ariz. 446, 449, 46 P.3d 1067, 1070 (2002) (quoting Ariz.R.Crim.P. 32.2, Comments).  For others of "sufficient constitutional magnitude," the State "must show that the defendant personally, "knowingly, voluntarily and intelligently' [did] not raise' the ground or denial of a right." *Id.*  That requirement is limited to those constitutional rights "that can only be waived by a defendant personally." *State v. Swoopes*, 216 Ariz. 390, 399, 166 P.3d 945, 954 (App.Div. 2, 2007).  Indeed, in coming to its prescription in *Stewart v. Smith*, the Arizona Supreme Court identified: (1) waiver of the right to counsel, (2) waiver of the right to a jury trial, and (3) waiver of the right to a twelve-person jury under the Arizona Constitution, as among those rights which require a personal waiver.  202 Ariz. at 450, 46 P.3d at 1071.  Claims based upon ineffective assistance of counsel are determined by looking at "the nature of the right allegedly affected by counsel's ineffective performance. *Id*.

Here, none of Petitioner's claims are of the sort requiring a personal waiver, and Petitioner's claims of ineffective assistance similarly have at their core the kinds of claims not within the types identified as requiring a personal waiver.

Petitioner correctly argues in his Reply that Arizona's preclusion bar does not apply to a first "of right" petition of a pleading defendant.  (Reply, Doc. 14 at 4-5.) However, the issue is not whether his unexhausted claims could have been properly deemed waived at the time of his first PCR proceeding, but whether they would be deemed as such in a new PCR proceeding.  As concluded hereinafter, the answer to the latter question is "yes."

Timeliness Bar - Even if not barred by preclusion, Petitioner would now be barred from raising his claims by Arizona's time bars.  Ariz.R.Crim.P. 32.4 requires that petitions for post-conviction relief (other than those which are "of-right") be filed "within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the order and mandate in the direct appeal, whichever is the later."  *See State v. Pruett*, 185 Ariz. 128, 912 P.2d 1357 (App. 1995) (applying 32.4 to successive petition, and noting that first petition of pleading defendant deemed direct appeal for purposes of the rule).   That time has long since passed.

Petitioner again confounds the timeliness of his first PCR petition and any potential new petition.  (Reply, Doc. 14 at 5.)   Again, the issue is not whether Petitioner's first PCR was timely (it was), but whether a new petition presenting his unexhausted claims would be timely.  It would not be.

Exceptions - Rules 32.2 and  32.4(a) do not bar dilatory claims if they fall within the category of claims specified in Ariz.R.Crim.P. 32.1(d) through (h).  See Ariz. R. Crim. P.  32.2(b) (exceptions to preclusion bar); Ariz. R. Crim. P.  32.4(a) (exceptions to timeliness bar).  Petitioner has not asserted that any of these exceptions are applicable to his claims.   Nor does it appears that such exceptions would apply.  The rule defines the excepted claims as follows:

> d. The person is being held in custody after the sentence imposed has expired;
> e. Newly discovered material facts probably exist and such facts probably would have changed the verdict or sentence. Newly discovered material facts exist if:
> (1) The newly discovered material facts were discovered after the trial.

(2) The defendant exercised due diligence in securing the newly discovered material facts.

(3) The newly discovered material facts are not merely cumulative or used solely for impeachment, unless the impeachment evidence substantially undermines testimony which was of critical significance at trial such that the evidence probably would have changed the verdict or sentence.

f. The defendant's failure to file a notice of post-conviction relief of-right or notice of appeal within the prescribed time was without fault on the defendant's part; or

g. There has been a significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence; or

h. The defendant demonstrates by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would have found defendant guilty of the underlying offense beyond a reasonable doubt, or that the court would not have imposed the death penalty.

*Ariz.R.Crim.P. 32.1.*

Paragraph 32.1 (d) (expired sentence) generally has no application to an Arizona prisoner who is simply attacking the validity of his conviction or sentence.  Where a claim is based on "newly discovered evidence" that has previously been presented to the state courts, the evidence is no longer "newly discovered" and paragraph (e) has no application.  Here, Petitioner has long ago asserted the facts underlying his claims.

Perhaps it might be argued in some instances that a claim of ineffective assistance of PCR counsel would arise from "newly discovered material facts," thus making it possible to raise such a claim in a successive PCR proceeding.  Here, however, the facts were available to Petitioner, and (as discussed hereinafter) argued to the PCR court, just not to the Arizona Court of Appeals.[2]

Paragraph (f) has no application where the petitioner filed a timely notice of post-conviction relief.  Paragraph (g) has no application because Petitioner has not asserted a change in the law since his last PCR proceeding.  Finally, paragraph (h), concerning claims of actual innocence, has no application to the procedural claims Petitioner asserts

---

[2] It might be that an Arizona PCR court would distinguish the ineffectiveness claim now presented (based on due process violations) from the ones argued to the PCR court (based on the underlying state law violations).  In such event, Petitioner's ineffectiveness claim might be considered simply unexhausted rather than procedurally defaulted.  Even so, for the reasons discussed hereinafter, the claim would be without merit, simply resulting in a denial on the merits, rather than a dismissal as procedurally defaulted.  *See* 28 U.S.C. § 2254(b)(2) (petition may be denied on merits if unexhausted).

9

in this proceeding.

Therefore, none of the exceptions apply, and Arizona's time and waiver bars would prevent Petitioner from returning to state court. Thus, Petitioner's claims that were not fairly presented are all now procedurally defaulted.

**4. Application to Petitioner's Claims**

In his PCR Petition, Petitioner arguably raised the factual substance underlying his claims in all three of his grounds for relief.  He argued that because he was a juvenile, the state sex offender requirement registration requirement could not be applied to him. (Exhibit H, PCR Pet. at 3-7.)  He argued that his case was not properly transferred from the juvenile court system to the adult court system.  (*Id.* at 7-9.)  And, he argued that his PCR counsel rendered ineffective assistance in failing to assert those claims.  (*Id.* at 10-13.)  With regard to the ineffectiveness claim, he clearly asserted this right under the Sixth Amendment of the United States Constitution, as well as arguing a violation of the Due Process Clause of the 14th Amendment of the United States Constitution. (*Id.* at 12-13.) (*See also id.* at 1-2 (referencing "the Constitution of the United States" in connection with the ineffectiveness claim).)

With regard to Grounds I and II, however, Petitioner did not assert a due process violation. Indeed, Petitioner made no reference to any federal law, and made no reference to any federal constitutional rights.

At most, Petitioner argued as part of his arguments in connection with his complaints about the lack of a transfer that he "had a constitutional right to evidence and any other documents pertaining to my case," and that the record provided to him did not include a State's Notice of Discovery Disclosure."  (*Id.* at 9.)  Those allegations do not, however, pertain to the claims raised in the instant habeas petition.

In his Petition for Review to the Arizona Court of Appeals, Petitioner again raised the factual substance of his first two claims.  He argued that his case was not properly transferred from the juvenile court system to the adult court system.  (Exhibit N, Pet.

Rev. at 5.) He argued that because he was a juvenile, the state sex offender requirement registration requirement could not be applied to him. (Exhibit H, PCR Pet. at 6-8.)  (*Id.* at 6-8.)  Again, however, he did not assert any claim that this amounted a violation of due process.  Moreover, his Petition for Review made no assertion that his PCR counsel rendered ineffective assistance.

In his Petition for Review to the Arizona Supreme Court, Petition again raised the factual substance of one of his due process claims.  He argued that his case was not properly transferred from the juvenile court system to the adult court system.  Again, however, he did not assert any claim that this amounted to a violation of due process. (Exhibit R, Pet. Rev. Az. Sup. Ct. at 6-8.) He made no argument that because he was a juvenile, the state sex offender requirement registration requirement could not be applied to him.  He did again assert that he was provided ineffective assistance of counsel, and cited in support of his claim *Martinez v. Ryan.*  (*Id.* at 9-10.)

Thus, although Petitioner presented the factual underpinning of his due process claims at least through the Arizona Court of Appeals, he never asserted them as federal due process claims.  A claim has been fairly presented to the state court only if petitioner has described *both* the operative facts *and* the federal legal theory on which the claim is based.  *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003).

And, he arguably raised a federal ineffective assistance claim to the PCR Court and to the Arizona Supreme Court, but not to the Arizona Court of Appeals. "Submitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation." *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)).  In *Casey v. Moore*, 386 F.3d 896 (9th Cir. 2004), the court reiterated that to properly exhaust a claim, "a petitioner must properly raise it on every level of direct review." *Id*. at 916.

Academic treatment accords: The leading treatise on federal habeas corpus states, "Generally, a petitioner satisfies the exhaustion requirement if he properly pursues a claim (1) throughout the entire

11

direct appellate process of the state, or (2) throughout one entire judicial postconviction process available in the state."

*Id*. (quoting Liebman & Hertz, *Federal Habeas Corpus Practice and Procedure*, § 23.3b (4th ed. 1998) (emphasis added)).   In this instance, the Arizona Supreme Court generally will not consider issues raised for the first time before it, although it has the discretion to do so. *See Town of South Tucson v. Board of Supv'rs of Pima County*, 52 Ariz. 575, 84 P.2d 581 (1938).  Raising "federal constitutional claims for the first and only time to the state's highest court on discretionary review" is not fair presentation.  *Casey v. Moore*, 386 F.3d 896, 918 (9th Cir. 2004).  Thus, the presentation of a claim in a petitioner's petition for review to the Arizona Supreme Court but not to the Arizona Court of Appeals is not sufficient to fairly present the claim to the Arizona courts.

Based upon the foregoing, the undersigned concludes that Petitioner failed to properly exhaust his state remedies on his claims by properly raising them as federal claims at each stage through the Arizona Court of Appeals.

For the reasons discussed hereinabove, Petitioner may no longer return to state court to present these claims and thus Petitioner has procedurally defaulted his state remedies on all of his claims.

## C.  CAUSE AND PREJUDICE

If the habeas petitioner has procedurally defaulted on a claim, or it has been procedurally barred on independent and adequate state grounds, he may not obtain federal habeas review of that claim absent a showing of "cause and prejudice" sufficient to excuse the default.  *Reed v. Ross*, 468 U.S. 1, 11 (1984).

"Cause" is the legitimate excuse for the default.  *Thomas v. Lewis*, 945 F.2d 1119, 1123 (1991). "Because of the wide variety of contexts in which a procedural default can occur, the Supreme Court 'has not given the term 'cause' precise content.'" *Harmon v. Barton*, 894 F.2d 1268, 1274 (11th Cir. 1990) (quoting Reed, 468 U.S. at 13), *cert. denied*, 498 U.S. 832 (1990).  The Supreme Court has suggested, however, that cause should ordinarily turn on some objective factor external to petitioner, for instance:

12

> ... a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that "some interference by officials", made compliance impracticable, would constitute cause under this standard.

*Murray v. Carrier*, 477 U.S. 478, 488 (1986) (citations omitted).

**<u>Ineffective Assistance of PCR Counsel</u>** - Petitioner argues that this Court should find cause to excuse his procedural defaults based on PCR counsel's ineffectiveness in failing to present the claims he now asserts.  (Reply, Doc. 14 at 6.)

Where no constitutional right to an attorney exists, ineffective assistance will not amount to cause excusing the state procedural default.  *Ortiz*, 149 F.3d at 932. "Because there is no right to an attorney in state post-conviction proceedings, there cannot be constitutionally ineffective assistance of counsel in such proceedings." *Patrick Poland v. Stewart*, 169 F. 3d 573, 588 (9th Cir. 1999) (quoting *Coleman v. Thompson*, 501 U.S. 722, 752 (1991)).  Consequently, any ineffectiveness of PCR counsel will ordinarily not establish cause to excuse a procedural default.

Plaintiff contends that as a pleading defendant his "of-right" first PCR proceeding was the functional equivalent of a direct appeal in Arizona and thus he does have a right to counsel (and effective counsel) in that proceeding.  *See Summers v. Schriro*, 481 F.3d 710, 717 (9th Cir. 2007) ("of right" PCR in Arizona is equivalent of direct appeal for purposes of habeas statute of limitations).  However, the Supreme Court has recognized only two exceptions concerning the ineffectiveness of PCR counsel.

<u>Abandonment</u> - First, in *Maples v. Thomas*, 132 S.Ct. 912 (2012), the Court held that where PCR counsel is not merely negligent or ineffective, but actually abandons the representation of the petitioner, then the attorney is no longer acting as the agent of the petitioner, and his actions may establish cause to excuse a procedural default.  In *Maples*, the purported PCR counsel had left their employment in which they had represented the petitioner while awaiting the trial court's ruling, had both accepted employment precluding their representation of the petitioner, and had not moved to withdraw or provided other notice that they no longer were representing Petitioner, thus allowing the

13

1    time for further review to lapse after the trial court's ruling.   Here, however, Petitioner

2    makes no assertion that his PCR counsel abandoned him, but rather only that counsel

3    failed to identify and present the claims he now seeks to raise.

4        PCR Claims re Ineffectiveness of Trial Counsel - Second, in *Martinez v. Ryan*,

5    132 S.Ct. 1309 (2012), the Court held: "Inadequate assistance of counsel at initial-review

6    collateral proceedings may establish cause for a prisoner's procedural default of a claim

7    of ineffective assistance at trial." *Id.* at 1315.   For Petitioner to rely upon *Martinez*,

8    Petitioner must "demonstrate[d] two things: (1) 'counsel in the initial-review collateral

9    proceeding, where the claim should have been raised, was ineffective under the standards

10   of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984),' and

11   (2) 'the underlying ineffective-assistance-of-trial-counsel claim is a substantial one,

12   which is to say that the prisoner must demonstrate that the claim has some merit.'" *Cook*

13   *v. Ryan*, 688 F.3d 598, 607 (9th Cir. 2012)  (quoting *Martinez*, 132 S.Ct. at 1318).

14       However, Petitioner does not contend that there was a claim of ineffective

15   assistance of trial counsel to be presented by PCR counsel.  Rather, he simply contends

16   that there was error at trial which PCR counsel should have argued.

17       Accordingly, Petitioner cannot now rely on the ineffectiveness of PCR counsel as

18   a means to avoid his procedural defaults.

19       Claim Without Merit - Moreover, even if Petitioner could establish a

20   constitutional right to counsel in his of-right first PCR proceeding because it functioned

21   as a direct appeal, a claim of ineffective assistance of PCR counsel would in any event

22   be without merit. *Cf. Martinez*, 132 S.Ct. at 1317 ("Where, as here, the initial-review

23   collateral proceeding is the first designated proceeding for a prisoner to raise a claim of

24   ineffective assistance at trial, the collateral proceeding is in many ways the equivalent of

25   a prisoner's direct appeal as to the ineffective-assistance claim.")  *But see id.* at 1319-

26   1320 (rejecting any modification to the rule of no constitutional right to  counsel in PCR

27   proceedings).

28       Generally, claims of ineffective assistance of counsel are analyzed pursuant to

*Strickland v. Washington*, 466 U.S. 668 (1984).  In order to prevail on such a claim, petitioner must show:  (1) deficient performance - counsel's representation fell below the objective standard for reasonableness; and (2) prejudice - there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. at 687 88, 694.  Although the petitioner must prove both elements, a court may reject his claim upon finding either that counsel's performance was reasonable or that the claimed error was not prejudicial.  *Id*. at 697.

In determining whether counsel performed deficiently, the court must focus on whether the attorney's actions were appropriate under the circumstances existing at the time.  *See Strickland*, 466 U.S. at 690. Moreover, there is a strong presumption counsel's conduct falls within the wide range of reasonable professional assistance and that, under the circumstances, the challenged action might be considered sound trial strategy. *United States v. Quinterro-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995). The court should "presume that the attorneys made reasonable judgments and decline to second guess strategic choices." *United States v. Pregler*, 233 F.3d 1005, 1009 (7th Cir. 2000).

To establish prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Here, Petitioner's claim of ineffective assistance depends upon the merits of his due process claims.  If the claims are without merit, then PCR counsel was not ineffective for failing to raise them.  It is clear that the failure to take futile action can never be deficient performance. *See Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir.1996). "The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel." *Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1982).

As noted above, and argued by Respondents, the underlying facts are an alleged violation of state law, and a state law violation only amounts to a due process violation if it is egregious.  Petitioner proffers nothing to suggest anything more than a routine error

1    of state law.  For this reason, his claims are without merit, and thus PCR counsel would

2    not have been ineffective for failing to raise them.

3          Moreover, Petitioner fails to even make out a state law error.

4          In Ground I, Petitioner complains that because of his age at the time of the

5    offense, he is not required under Arizona law to register as a sex offender.  However,

6    Arizona law does not so provide.  The Arizona registration statute does provide that

7    where registration is required for an offense for which a minor has been adjudicated

8    delinquent, the duty to register terminates when the person reaches the age of 25.  Ariz.

9    Rev. Stat. § 13-3821(D) and (F).  Here, however Petitioner was not adjudicated

10   delinquent as a juvenile, but was convicted of the offenses as an adult.  (Exhibit E,

11   Sentence.)[3]

12         In Ground II, Petitioner complains that he could not properly have been convicted

13   as an adult because he was a minor at the time of the offenses, and had a case pending

14   before the juvenile court.  Petitioner misapprehends the nature of the juvenile court

15   jurisdiction over his criminal offenses.

16         "A.R.S. section 13–501(A) (emphasis added) provides that the prosecutor '*shall*

17   *bring* a criminal prosecution against a juvenile in the same manner as an adult' when the

18   juvenile is fifteen, sixteen or seventeen years of age and is accused of certain specific

19   offenses, while section (B) (emphasis added) of the statute provides that the prosecutor

20   '*may bring* a criminal prosecution against a juvenile in the same manner as an adult' if

21   the juvenile is at least fourteen and commits certain specified crimes or is a chronic

22   offender." *In re Timothy M.*, 197 Ariz. 394, 399, 4 P.3d 449, 454 (Ariz.App. 2000).

23   Here, at a minimum, Petitioner's offenses fell within § 13-501(B), because they were all

24

25   [3] The PCR court also properly rejected Petitioner's claim that because he was under the
26   age of 22, Ariz. Rev. Stat. § 13-3821(H) entitled him to a termination under of his duty
     to register.  That section allows the court to terminate the duty at a hearing under Ariz.
     Rev. Stat. § 13-923.  Those hearings are for annual probation reviews for probationers
27   who are under 22, and who were under 18 at the time of the offense.  Petitioner meets the
     latter category, but as the PCR court observed, after serving his 10 year prison term,
28   Petitioner would be over 22 before he ever was on probation, meaning no hearing under
     § 13-923 would ever be held. (*See* Exhibit K M.E. at 2.)

                                              16

class 2 and class 3 felonies.  *See* Ariz. Rev. Stat. § 13-501(B)(1) and (2) (discretion to prosecute on Class 2 felonies, and Class 3 felonies in violation of Ariz. Rev. Stat. §§13-1001 *et seq.* through 13-1701 *et seq.*).  Thus, the offenses were properly charged as adult offenses, not as grounds for an adjudication of delinquency in juvenile court.

Moreover, under Ariz. Rev. Stat. § 8-302(C), it was irrelevant that Petitioner may have already been under the jurisdiction of the juvenile court, even if on the same offenses:

> Section 8–302(C) states that "during the pendency of a delinquency action in any court of this state," that court "shall dismiss without prejudice" any count in a petition in which the juvenile is subject to prosecution as an adult.  Section 8–302(C) thereby requires the juvenile court to dismiss any charges pending at the time the state proceeded with those charges in the adult criminal court, even if a prior delinquency petition had been filed and was "pending."

*In re Timothy M.*, 197 Ariz. at 399, 4 P.3d at 454.

Petitioner argues that the juvenile court transfer procedures should have been followed.  However, as recognized in *In re Timothy*, "after the amendment of Article 6, section 15 of the Arizona Constitution and the enactment of A.R.S. section 13–501" the transfer proceedings are necessary only "when the county seeks adult prosecution in instances not covered under A.R.S. section 13–501."  197 Ariz. at 400, 4 P.3d at 455.  Here, the transfer was covered by § 13-501, thus the transfer procedures had no application.

Accordingly, no state law error was committed, due process was not violated, and any attempt by PCR counsel to assert such claims would have been futile and would not support a claim of ineffective assistance.  Accordingly, Petitioner cannot establish cause to excuse his procedural default base upon such ineffectiveness.

**Prejudice** - "Prejudice" is actual harm resulting from the alleged constitutional violation. *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1991). Establishing prejudice requires showing "not merely that the errors [of petitioner's] trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *U.S. v. Frady*, 456 U.S. 152, 170

(1982).

Both "cause" and "prejudice" must be shown to excuse a procedural default, although a court need not examine the existence of prejudice if the petitioner fails to establish cause. *Engle v. Isaac*, 456 U.S. 107, 134 n. 43 (1982); *Thomas v. Lewis*, 945 F.2d 1119, 1123 n. 10 (9th Cir.1991).  Because Petitioner has filed to establish cause for his procedural default, no finding of an absence of prejudice is necessary.

Nonetheless, because Petitioner's state law claims are without merit, his due process claims and ineffective assistance claims are as well, and thus he cannot show the required prejudice.

**Summary re Cause and Prejudice** – Based upon the foregoing, the undersigned concludes that Petitioner had failed to establish cause and prejudice to excuse his procedural defaults.


## D.  ACTUAL INNOCENCE AS CAUSE

The standard for "cause and prejudice" is one of discretion intended to be flexible and yielding to exceptional circumstances, to avoid a "miscarriage of justice." *Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986).  Accordingly, failure to establish cause may be excused "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986) (emphasis added).  Although not explicitly limited to actual innocence claims, the Supreme Court has not yet recognized a "miscarriage of justice" exception to exhaustion outside of actual innocence.  *See* Hertz & Lieberman, *Federal Habeas Corpus Pract. & Proc.* §26.4 at 1229, n. 6 (4th ed. 2002 Cumm. Supp.).  The Ninth Circuit has expressly limited it to claims of actual innocence.  *Johnson v. Knowles*, 541 F.3d 933, 937 (9th Cir. 2008).

A petitioner asserting his actual innocence of the underlying crime must show "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence" presented in his habeas petition. *Schlup v. Delo*, 513 U.S. 298, 327

18

(1995). A showing that a reasonable doubt exists in the light of the new evidence is not sufficient. Rather, the petitioner must show that no reasonable juror would have found the defendant guilty. *Id*. at 329. This standard is referred to as the "*Schlup* gateway." *Gandarela v. Johnson*, 286 F.3d 1080, 1086 (9th Cir. 2002).

Here, Petitioner makes no proffer of actual innocence. Accordingly his procedurally defaulted claims, and his Petition, must be dismissed with prejudice.

## IV.  CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment. The recommendations if accepted will result in Petitioner's Petition being resolved adversely to Petitioner. Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right

and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on procedural grounds. Under the reasoning set forth herein, jurists of reason would not find it debatable whether the petition states a valid claim of the denial of a constitutional right and jurists of reason would not find it debatable whether the district court was correct in its procedural ruling.

Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition, a certificate of appealability should be denied.


# V.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus, filed August 28, 2013 (Doc. 1) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that to the extent that the Court adopts this Report & Recommendation as to the Petition, a certificate of appealability should be **DENIED**.


# VI. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See also* Rule 8(b), Rules Governing Section 2254 Proceedings.   Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a

party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: August 28, 2014

James F. Metcalf
United States Magistrate Judge

13-1618r RR 14 08 20 on HC.docx

21