IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nicholas Anthony Granado,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>　　　　　　Respondents. | No. CV-13-01618-PHX-DLR<br><br>**ORDER** |

Petitioner Nicholas Anthony Granado pled guilty to one count of kidnapping and three counts of attempted sexual assault in Maricopa County Superior Court in 2010. He was sentenced to 10 years on the kidnapping charge, and was given suspended sentences with lifetime probation on the attempted sexual assault charges, which included a requirement that he register as a sex offender.

Mr. Granado filed a petition for writ of habeas corpus challenging his conviction on three grounds: (1) that his due process rights were violated because he was not an adult at the time of the crime but the state court required registration as a sex offender upon his release, (2) that his due process rights were violated because he was tried as an adult even though he was a juvenile at the time of the crime, and (3) that he received ineffective assistance of counsel in connection with this state post-conviction petition because the court allowed his counsel to withdraw and did not appoint a replacement. (*See* Doc. 1 at 6–8.) The Court referred the petition to United States Magistrate Judge

James F. Metcalf for report and recommendation ("R&R"). (*See* Docs. 2, 17.) Judge Metcalf recommended that the Petition be denied and dismissed with prejudice because Petitioner failed to exhaust his state remedies, his claims are procedurally defaulted, and he failed to establish cause and prejudice to excuse his procedural defaults. (Doc. 17 at 12.)

Respondents filed objections to the R&R, alleging error in its conclusion that the Petition stated claims cognizable in a federal habeas proceeding. (Doc. 18.) However, Respondents requested that the Court adopt the R&R with respect to its exhaustion and procedural default analyses and its ultimate conclusions. Mr. Granado did not file an objection to the R&R.

## I. Standard of Review

A party may file specific written objections to the R&R's proposed findings and recommendations. The Court must undertake de novo review of those portions of the R&R to which specific objections are made. The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

## II. Analysis

Respondents argue that the Court should reject the R&R's cognizability analysis because it "misstates the law" and "too liberally construes Petitioner's claims." (Doc. 18 at 3.) Magistrate Metcalf did not consider whether or conclude that Mr. Granado demonstrated errors rising to the level of constitutional violations. Instead, the R&R pointed out that Mr. Granado's petition purported to assert violations of his constitutional rights, as required by 28 U.S.C. § 2254(a). However, as the R&R thoroughly explained, even if Mr. Granado stated cognizable claims, they are procedurally defaulted and barred from federal review. The R&R did not reach or rule on the merits on Mr. Granado's claims, and neither does this Court.

**IT IS ORDERED** that Judge Metcalf's R&R (Doc. 17) is **accepted,** as interpreted in this Order.

**IT IS FURTHER ORDERED** that Nicholas Anthony Granado's Petition is **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that a certificate of appealability and leave to proceed *in forma pauperis* are **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

Dated this 10th day of November, 2014.

Douglas L. Rayes
United States District Judge